IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

FEB 20  2 12 PM '07

RALPH L. DELOACH
CLERK
BY _____ DEPUTY
AT WICHITA, KS.

| | |
|---|---|
| MARCUS J. BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-1048- MLB |
| ) | |
| CESSNA AIRCRAFT COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

COMES NOW Plaintiff Marcus J. Butler, by and though his counsel, and for his causes of action against the Defendant Cessna Aircraft Company, alleges and states as follows:

### PARTIES

1. Plaintiff Marcus J. Butler is a former employee of Cessna Aircraft Company ("Cessna"or "Defendant"). Plaintiff is a resident of Kansas.

2. Defendant is a Kansas corporation doing business in the state of Kansas and may be served with legal process through its registered agent: T. W. Wakefield, 5800 E. Pawnee Road, Wichita, Kansas 67218.

### JURISDICTION AND VENUE

3. This is an employment case arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Kansas Act Against Discrimination, K.S.A. 44-1001 *et seq.* ("KAAD") and under Kansas common law. This Court has subject matter jurisdiction over Plaintiff's federal law claims

pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.

4. Plaintiff has fully exhausted his administrative remedies under the ADA and KAAD and has received a right-to-sue letter from the EEOC.

5. The unlawful practices and actions alleged below were committed within the state of Kansas, and venue is properly laid in this Court by virtue of 28 U.S.C. § 1391(b).

6. Plaintiff was damaged in excess of $75,000.

## FACTS

7. Plaintiff began employment with Defendant on March 10, 2002, in sheet metal assembly. Plaintiff was laid-off on August 17, 2002, because of a work slowdown and rehired on March 13, 2004.

8. On June 22, 2005, Plaintiff suffered an on-the-job injury to his lower back for which he received medical work restrictions. Thereafter, defendant regarded plaintiff as if he suffered from a disability and reasonably accommodated said disability by transferring him from sheet metal assembly to small parts assembly.

9. In August 2005, plaintiff retained an attorney to represent him in his workers compensation claim.

10. Thereafter, plaintiff was "written up" on two occasions for alleged break-time violations which were routine among workers and for which workers, who did not have pending disability accommodations or workers compensation

claims, were not disciplined. In addition, plaintiff received a three-day suspension for leaving the workplace, after giving notice and clocking out, to go to a medical treatment appointment.

11. In September 2005, plaintiff called in a complaint regarding his treatment to the Textron complaint telephone number.

12. On October 27, 2005, plaintiff went to defendant's Health Services Department again complaining of back pain. Plaintiff was sent to defendant's Human Resources Department, where he was discharged from employment for allegedly making a false statement on his employment application 3 1/2 years earlier.

13. On information and belief, defendant, through two inquiries to the Kansas Department of Labor, had prior notice of the previous injury long before plaintiff's discharge from employment.

### 1. FAILURE TO REASONABLY ACCOMMODATE IN VIOLATION OF THE ADA AND KAAD

14. Plaintiff incorporates paragraphs 1 through 13 of this complaint.

15. Defendant failed to reasonably accommodate plaintiff's disability by discharging plaintiff from employment.

16. Plaintiff suffered damages and is entitled to an award of damages for back pay, injunctive relief or front pay, compensatory damages including damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; punitive damages;

attorneys' fees; costs; and such other and further relief the Court deems just and proper.

## 2. DISCRIMINATION IN VIOLATION OF THE ADA AND KAAD

17. Plaintiff incorporates paragraphs 1 through 16 of this complaint.

18. Defendant discriminated against plaintiff because of his disability through a pattern of adverse employment actions up to and including discharging plaintiff from employment.

19. Plaintiff suffered damages and is entitled to an award of damages for back pay, injunctive relief or front pay, compensatory damages including damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; punitive damages; attorneys' fees; costs; and such other and further relief the Court deems just and proper.

## 3. WRONGFUL DISCHARGE IN VIOLATION OF THE ADA AND KAAD

20. Plaintiff incorporates paragraphs 1 through 19 of this complaint.

21. Defendant retaliated against plaintiff for making a complaint to the Textron complaint line regarding his discriminatory treatment through a pattern of adverse employment actions up to and including discharging plaintiff from employment.

22. Plaintiff suffered damages and is entitled to an award of damages for back pay, injunctive relief or front pay, compensatory damages including damages

for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; punitive damages; attorneys' fees; costs; and such other and further relief the Court deems just and proper.

### 4. WRONGFUL DISCHARGE FOR FILING A WORKERS COMPENSATION CLAIM

23. Plaintiff incorporates paragraphs 1 through 22 of this complaint.

24. Defendant retaliated against plaintiff for filing and maintaining a workers compensation claim through a pattern of adverse employment actions up to and including discharging plaintiff from employment.

25. Plaintiff suffered damages and is entitled to an award of damages for back pay, injunctive relief or front pay, compensatory damages including damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; punitive damages; attorneys' fees; costs; and such other and further relief the Court deems just and proper.

### PRAYER FOR JUDGMENT

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendant for the following relief:

A. For monetary damages in excess of $75,000 to compensate Plaintiff for economic damages, pre-judgment interest, for compensatory damages for past

and future non-pecuniary loss, and for such other and further damages this Court deems just and proper;

      B.      For appropriate injunctive and/or equitable relief as this Court deems just and proper;

      C.      For punitive damages;

      D.      For Plaintiff's reasonable attorneys fees and the costs of this action;

      E.      For any such other and further relief this Court deems just and proper.

      F.      Plaintiff reserves the right to amend this Complaint or demand for judgment as new information is discovered during the course of this action.

Respectfully submitted,

AYESH LAW OFFICES

By: _____
Mark G. Ayesh, #10175
Ray E. Simmons, #12296
8100 East 22nd Street North
Building 2300, Suite 2
P. O. Box 781750
Wichita, KS   67278-1750
Telephone:  316-682-7381
E-Mail: mayesh@ayesh.kscoxmail.com
          rsimmons@ayesh.kscoxmail.com
*Attorneys for Plaintiff*

6

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that the issues in this matter be heard by a jury.

## DESIGNATION OF TRIAL

Plaintiff designates Wichita, Kansas as the location for the trial in this matter.

By: _____
Mark G. Ayesh, #10175
Ray E. Simmons, #12296